UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUSAN LUSK,

                          Plaintiff,

   -v-                                            No. 08 Civ. 1837 (RJS)
                                                       ORDER

LINDSAY NICOLE ROGINSKI,

                          Defendant.

RICHARD J. SULLIVAN, District Judge:

     By letter dated April 2, 2008, *pro se* plaintiff Susan Lusk seeks to "seal[] the entire record" in the above-entitled action, and to "remove[] the same" from "Pacer." (Pl.'s Apr. 2, 2008 Ltr.) Plaintiff also represents that defendant Lindsay Roginski joins in this request. For the following reasons, the Court grants the parties' request only to the extent that they seek to seal the complaint filed in this action.

     "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm'n, Inc.*, 435 U.S. 589, 599 (1978). The Second Circuit has explained this principle as follows:

> The presumption of access is based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice. . . . Although courts have a number of internal checks, . . . professional and public monitoring is an essential feature of democratic control. . . . Such monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions.

*United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Accordingly, the Second Circuit has set forth a detailed analysis for the consideration of requests for protective orders. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Civ. 2014 (SWK), 2007 WL 2790387, at *3 (S.D.N.Y. Sept. 26, 2007). First, a court must determine whether "the documents are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Next, as to items deemed "judicial documents," the court must determine the *weight* of the presumption of access due to such items by fixing their location on a "continuum" ranging "from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049. "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.*

Here, the sole document docketed in this case is the complaint filed by plaintiff.[1] The *Lugosch* factors weigh in favor of granting the parties' request to restrict public access to that document. First, it is clear that the complaint is a judicial document. "Information most clearly due for disclosure includes any 'document which is presented to the court to invoke its powers,' a category encompassing complaints." *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006) (quoting *Amodeo*, 71 F.3d at 1050); *accord Ello v. Singh*, 531 F. Supp. 2d 552, 584 n.323 (S.D.N.Y. 2007).

---

[1] That is, other than the summons issued by plaintiff, and docket entries made by the Clerk's office regarding the assignment and reassignment of this case to a magistrate judge and the undersigned.

Second, there is a low presumption of public access to the complaint in this case. The parties in this case reached a settlement before an answer had been filed and prior to any judicial intervention. Accordingly, because the Court did not "determin[e]" the litigants' "substantive rights" in this action, the weight of the presumption that attaches to the parties' filings is "low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1050 (noting that "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts," and finding, under the circumstances of the case, that the presumption was weak because the document at issue had "only a marginal relationship to the performance of Article III functions" in the case); *see also United States v. El-Sayegh*, 131 F.3d 158, 162-63 (D.C. Cir. 1997) ("[D]ocuments are just documents; with nothing judicial to record, there are no judicial records. . . . [W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.").

Finally, there are no apparent "countervailing factors" weighing against the sealing of the complaint in this case. *Lugosch*, 435 F.3d at 120. All parties have consented to the sealing of the complaint, and it is not likely to implicate law enforcement interests or to impair judicial efficiency. *See id.*

Accordingly, the parties' request to seal the complaint in the above-entitled action is granted. The Clerk of the Court is respectfully requested to seal the complaint, docketed as document number 1.

However, the parties' request to "remove[]" the case from "Pacer" — *i.e.*, the publically available database of cases in this Court — is denied. The parties have failed to establish "good cause" for taking the extraordinary step of shielding the entirety of this case, including the fact of

its existence, from public inspection. *See Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (noting that the district court "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts"); *see Rossi v. West Haven Bd. of Educ.*, No. 03 Civ. 1247 (MRK), 2005 WL 839661, at *2 (D. Conn. Apr. 8, 2005) (declining the plaintiff's request to "seal the entire case file from public inspection" and directing the plaintiff to "identify particular portions of individual documents that he believes should be shielded from public view").

SO ORDERED.

DATED:   New York, New York
         April 16, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE